10h 246
f 63ad185

THE PEOPLE ᴇx ʀᴇʟ. ST. JOHN'S COLLEGE, Aᴘᴘᴇʟʟᴀɴᴛs, *v.* THE COMMISSIONERS OF TAXES AND ASSESS- MENTS OF THE CITY AND COUNTY OF NEW YORK, Rᴇsᴘoɴᴅᴇɴᴛs.

*Exemption from taxation* — § 5, 1 *R. S.* (*5th ed.*), 906 — *effect of highway running through lot.*

The exemption from taxation, created by section 5 of 1 Revised Statutes (5th ed.), 906, in favor of the "lots" upon which the buildings therein specified are situated, is not affected by the fact that such lot is divided by a highway into two portions, one of which is occupied by college buildings, and the other as a garden for the use of the pupils and teachers and for their recreation and walks, the whole lot being used for precisely the same purposes as before the construction of the highway.

*People ex rel. The Academy of Sacred Heart* v. *The Commissioners* (6 Hun, 109) followed.

Cᴇʀᴛɪoʀᴀʀɪ to review assessment of certain real estate of the relators.

The relators own real estate in the Twenty-fourth ward of the city of New York, amounting to about 103 acres. This real estate is divided by the boulevard, a public thoroughfare 100 feet wide, into two separate lots or parcels. Upon one of the lots all the buildings of the relators are situated, and this lot the respondents marked as exempt from taxation.

Upon the other lot lying beyond the boulevard there are no buildings, and this lot the respondents have assessed for taxation.

The relators claim that the respondents erred in assessing this lot, and ask that it may be exempted from taxation, on the ground that it was used in connection with and devoted to the same purposes as the lot upon which the buildings were.

*Charles N. Morse,* for the relator.

*Hugh L. Cole,* for the respondents.

Dᴀᴠɪs, P. J.:

The question involved in this case was elaborately discussed by this court in *The People ex rel. The Academy of the Sacred Heart* v. *The Commissioners* (13 S. C. [6 Hun], 109). The decision in

that case was affirmed by the Court of Appeals, as is understood, upon the opinion of DANIELS, J., pronounced in this court. There is no substantial difference in the cases, though one is sought to be found in the fact that a public highway, known as the southern boulevard, passes through the premises of the relator, separating the twenty-five and seventy-five one-hundreths acres now assessed, from that portion on which the college buildings stand. But it appears, by the affidavit of the president of the college, which is annexed to the return in this case, " that the lots, whereon the buildings erected for the use of the said college are situated, comprise about 103 acres, and are contained in one parcel; that a portion of said lots is occupied by the buildings of said college, and the remaining portions of said lots are used, respectively, as a vegetable garden and for farming purposes for the use of the pupils, teachers and officers of the college, as a cemetery, and for the recreation and walks of the pupils and other persons connected with the college, who number about 300 persons; that the whole land, so used as aforesaid, is necessary for the use and sufficiency and applicability of the buildings thereon for the purposes of the college; and that they are used, owned and applied exclusively in the manner and for the purposes aforesaid; and that no part of the said lots are leased or otherwise made a source of profit to the corporation, but all are in the occupancy of the said corporation for the purposes of said college." This statement is in nowise controverted by the respondents, except so far as that is supposed to be done by showing, by the return and by the map annexed thereto, that the public highway above mentioned crosses the property of the college in such a manner as to leave on the west side the portion on which the buildings are situated, and on the east side, the part on which are the cemetery and other grounds, with out-buildings; but the whole is accurately designated on the map as " St. John's college grounds." We think that the accident that a public highway has been constructed over the grounds does not destroy or affect their identity as " the lot, " within the meaning of the exemption statute, on which the buildings are situated. (1 R. S., 905 [5th ed.].) The connection and unity of the whole parcel for the uses of the college remain, notwithstanding the public easement. The intersection of public highways are not in themselves such a severance as of legal neces-

sity divides the grounds of the college into exempt and non-exempt parcels. That division must depend upon other facts which control its effect. In this case, facts are shown, without contradiction, which clearly establish that " the lot " of the college, for all purposes of use, and consequently of exemption from taxation, remains precisely as before the construction of the boulevard. A very apt case is cited from the Supreme Court of New Jersey. In that State, the statute defines the exemption as " the lands whereupon such buildings are erected," which is substantially the language of our statute. In *The State* v. *Ross* (4 Zabriskie, 501) the court held that the construction was not changed by the fact that the buildings in question were upon lots inclosed by substantial fences, and some of them separated by those fences, and others by a lane and public street, from the other college grounds."

The relator is entitled to judgment exempting the whole of the college grounds from taxation, and directing the same to be struck from the assessment roll.

Ordered accordingly.

Brady and Daniels, JJ., concurred.